UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR 87-65ML |
| | : | |
| ROBERTO MACEO | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on February 27, 2006, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before District Judge Mary M. Lisi. Based upon the following analysis and the admission of Defendant, **I recommend that Defendant be sentenced to four (4) months of incarceration.**

**Background**

On December 30, 2005, the Probation Office petitioned the Court for the issuance of a Warrant for the Defendant's arrest. On January 3, 2006, Judge Lisi reviewed the request and ordered the issuance of a Warrant. Defendant was arrested and appeared before a Magistrate Judge in the Western District of Louisiana for an initial appearance on February 16, 2006. At that time, Defendant waived both a preliminary and identity hearing in that Court. He was detained and

transferred under Fed. R. Crim. P. 32.1(a)(5) to this District for further proceedings. On February 27, 2006, Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month.**
>
> The defendant did not submit a written report within the first five days of December 2005. As of December 19, 2005, no report for the month of December had been received.
>
> **The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**
>
> On December 14, 2005, U.S. Probation Officer Kimberly H. Myers, Western District of Louisiana, conducted a home visit with the defendant and they agreed to meet at the U.S. Probation Office on December 15, 2005 at 12:30. The defendant failed to report as directed.
>
> **The defendant shall participate in a program of substance abuse treatment and testing as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.**
>
> On September 17, 2005, the defendant was referred for intensive inpatient substance abuse treatment and was instructed to schedule one session per week. The defendant has not attended a session since November 9, 2005, and has not been released from treatment.

As Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

On March 25, 1988, Defendant appeared for sentencing before District Judge Francis J. Boyle, after a guilty verdict was returned to one count of Distribution of Cocaine and one count of

Possession with Intent to Distribute Cocaine. Defendant was sentenced to fifteen years' incarceration with ten years' supervised release to follow.

This case is one of many nationally that have become known as "Gozlon-Peretz" cases. They are those cases in which a defendant commits a controlled substance offense between October 27, 1986 and November 1, 1987, an "old law" offense that pre-dates the sentencing guidelines, but for which there was a term of supervised release required, pursuant to 21 U.S.C. §§ 841 and 860. In these cases, the term of supervised release runs consecutive to any term of general parole.

While the sentencing guidelines do not apply, the Probation Office has represented to the Court that if they had, the sentencing range upon violation would be four to ten months. Considering the law that applies in this case, as Defendant received fifteen years' custody for an offense which carries a statutory maximum term of forty years, an additional twenty-five years may be imposed. An additional term of supervised release of forty years, minus any term of imprisonment imposed on the revocation, can be imposed as an additional term of supervised release.

On December 16, 1996, Defendant was released to immigration authorities under consecutive terms of mandatory release and supervised release. Defendant, a "Mariel Cuban," remained in the custody of immigration authorities until November 15, 2003, at which time he was released to an order of immigration supervision after posting a $1,500.00 bond. The mandatory release term, under the jurisdiction of the Parole Commission, ran from December 16, 1996 to January 20, 2002. Although in custody of immigration authorities for the entire term, supervision was not tolled, as the time in immigration custody was not credited toward any other criminal sentence. The ten-year consecutive term of supervised release commenced on January 21, 2002, with an expiration date of January 20, 2012.

This is Defendant's fourth contact with this District Court regarding noncompliance with his supervised release conditions.

First, on April 14, 2004, the District Court issued a supervised release violation warrant as Defendant failed to report to the Probation Office in the Western District of Louisiana upon release from immigration authorities. On May 3, 2004, the Defendant appeared before a Magistrate Judge in that District pursuant to the arrest warrant and agreed to submit to supervision by the U.S. Probation Office in Lake Charles, Louisiana. As such, the violation warrant was withdrawn, and Defendant commenced supervision on May 5, 2004.

Second, on December 23, 2004, U.S. Probation Officer Clint Mitchell of the Western District of Louisiana, reported that following Defendant's release to supervision on May 5, 2004, he visited him at his residence at 1007 Sycamore Street in Lake Charles, Louisiana, and verified his employment at the Prien Pines Nursery. Between Officer Mitchell's initial visit and December 20, 2004, several attempts to contact Defendant by telephone, cellular phone, and mail were unsuccessful. Also, on December 23, 2004, Officer Mitchell contacted the tenant at the Defendant's last known address and the current tenant reported that he had resided at the address for approximately two weeks and did not know Defendant. Officer Mitchell also spoke with Defendant's prior employer, Prien Pines Nursery, on December 20, 2004, and was informed that Defendant had not worked there for months. Defendant failed to inform the Probation Office that he was changing his employment or resident address. Defendant was sentenced by Judge Lisi to time served and ninety days in community confinement for that violation.

Third, on September 6, 2005, Defendant underwent a random urinalysis which tested positive for cocaine and amphetamine. On September 26, 2005, Judge Lisi modified Defendant's conditions of supervision to include drug treatment due to this drug use.

Finally, Defendant's current violations involve his failure to follow the directives of his Probation Officer and his abandonment of drug treatment. As with his prior violation cases, there is no indication that Defendant's intention is to flee or evidence that he has reverted to the serious criminal behavior that led to his original conviction. Defendant's criminal history and immigration status are far from clear, and nearly twenty years has passed since Defendant initially appeared before this Court on charges of drug distribution.

At the hearing, the Government recommended a mid-range sentence of six (6) months of incarceration. The Government also recommended no further term of supervised release for Defendant, given the age of this case and the fact that Defendant has not been amenable to supervision. The Government also represented that Defendant has no ties to this District, and also that his District of last residence (Western District of Louisiana) would not accept him for further supervision. Defendant argued for the "shortest amount of time" possible and had no objection to the Government's recommendation to terminate supervision.

Defendant will be given some "credit" for admitting to the violations and sparing the Court from the time and expense of a contested hearing. Defendant has received somewhat lenient treatment from this Court on his prior violations and, unfortunately, has not taken advantage of the opportunities offered to him, such as drug treatment. This Court concludes that a low-end sentence of four (4) months is a sufficient punishment for Defendant's admitted violations and will provide Defendant with a limited period to assist him in addressing his substance abuse issues. This Court

agrees with the Government's assessment that further supervision would not be productive in this case.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that Defendant be sentenced to four (4) months of incarceration.** Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
March 1, 2006